

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00001-CR

_____

JOHN WESLEY WALSH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 14,971

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

John Wesley Walsh appeals from his verdict of burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02 (Vernon 2003). The sentence was imposed October 15, 2008. Walsh filed a motion for new trial November 17, 2008, by hand delivering it to the District Clerk of Upshur County. He filed his notice of appeal December 30, 2008.

Walsh had thirty days after the day sentence was imposed to file a notice of appeal, or to timely file a motion for new trial and thereby extend his time to file a notice of appeal. *See* TEX. R. APP. P. 21.4, 26.2(a)(1). The thirty days expired Friday, November 14, 2008. Walsh filed his motion for new trial November 17, 2008, by hand delivery. It was not timely. His notice of appeal was thus due on or before November 14, 2008, but was not filed until December 30, 2008.

A late notice of appeal invokes the appellate court's jurisdiction only if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996). Further, when a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction. *Id.* (citing *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993)).

The Texas Court of Criminal Appeals interprets Rule 26.3 of the Texas Rules of Appellate Procedure strictly to require an appellant in a criminal case to file his or her notice of appeal and a

motion for extension of time within the fifteen-day period for filing a late notice of appeal. *Id.* at 522–26; *see* TEX. R. APP. P. 26.3. The Texas Court of Criminal Appeals has expressly held that, without a timely-filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal. *See Olivo* at 522; *see also Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998). This appeal is untimely brought, and we are without jurisdiction to hear this case.

We dismiss this appeal for want of jurisdiction.


Jack Carter
Justice

Date Submitted:     February 18, 2009
Date Decided:       February 19, 2009

Do Not Publish